# FOR THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| **JOSEPH HOLLOWAY, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CASE NO.: |
| ) | |
| **CDS MANUFACTURING, INC.** and ) | |
| **CLAYTON SEMBLER,** ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

## C O M P L A I N T

COMES NOW, the Plaintiff, **JOSEPH HOLLOWAY, JR.** (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and brings this civil action for damages, civil penalties, injunctive, and other statutory relief under the Fair Labor Standards Act, 29 U.S.C. 201 et seq., the Florida Minimum Wage Act, Fla. Stat. § 448.110 (the Florida Minimum Wage Act), the Florida Constitution, Art. X, Sec. 24, Florida contract law, and Fla. Stat. § 448.08 against Defendant **CDS MANUFACTURING, INC.** (hereinafter referred to as "Defendant INC.") and Defendant **CLAYTON SEMBLER** (hereinafter referred to as "Defendant SEMBLER") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this

Case 4:19-cv-00269-MW-CAS   Document 1   Filed 06/12/19   Page 2 of 20

Holloway v. CDS Manufacturing Inc., et al.
Page 2 of 14

    Court, exclusive of fees and costs, brought to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction over Plaintiff's claims under Florida law pursuant to 28 U.S.C. § 1367, as they are so related to claims in the action over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## **PARTIES**

1. Defendant INC. is a Florida corporation with a principal address of 106 Charles Hayes, Sr. Drive, Gretna, Florida 32332.

2. Defendant SEMBLER is a resident of the State of Florida.

3. Defendant INC. and Defendant SEMBLER (collectively hereinafter referred to as "DEFENDANTS") engage in, conduct, and/or transact business in the State of Florida, including this judicial district.

4. Plaintiff is a resident of the State of Florida during all relevant periods to this Complaint.

5. DEFENDANTS failed to pay Plaintiff minimum and overtime wages within two (2) years of this action.

6. DEFENDANTS were Plaintiff's employers as defined by the FLSA, the Florida Minimum Wage Act ("FMWA"), and the Florida Constitution.

7. Plaintiff was DEFENDANTS' employee as defined by the FMWA.

## FACTUAL ALLEGATIONS

8. Defendant INC. is a corporation that manufactures, sales, and ships products to the public in and around the Gadsden County Florida area.

9. Defendant SEMBLER owns and operates Defendant INC.

10. At all times relevant to this Complaint, Defendant SEMBLER participated in, managed, directed, and controlled the operations, company policies, acts, and practices of Defendant INC.

11. Plaintiff was an employee of DEFENDANTS in Gadsden County, Florida from approximately September 16, 2017 through August 10, 2018.

12. Plaintiff was defined as an employee of DEFENDANTS, individually and collective, within the meaning of the FLSA, 29 U.S.C. § 203(d), within the meaning of the Florida Constitution, and the FMWA.[1]

13. DEFENDANTS, individually and collectively, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing equipment, tools, materials, and supplies from suppliers and vendors out of state which are part of interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

14. In addition to the above described activity, DEFENDANTS, individually and/or collectively, as part of their business, would engage in interstate commerce (a) by transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers outside the state of Florida, which were part of interstate commerce, (b) by advertising on the World Wide Web and other mediums to potential

---

[1] Under the Florida Minimum Wage Act (FMWA), "the terms "Employer," "Employee" and "Wage" shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." Fla. Const. Art. X § 24(c).

clients outside the State of Florida, and/or (c) by transacting business across state lines. All of which are part of interstate commerce.

15. DEFENDANTS individually and/or collectively obtained, exchanged, and sent/received funds to and from areas outside of the State of Florida and to the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. During the three (3) years Plaintiff worked as a "driver" for DEFENDANTS.

17. Plaintiff was not a driver or carrier engaged in interstate commerce.

18. Plaintiff was not subject to the overtime exemption of the Motor Carrier Act.

19. Plaintiff was eligible for overtime during the period he worked for DEFENDANTS.

20. As a driver, Plaintiff drove a motorized vehicle and delivered goods to DEFENDANTS' customers at the direction of DEFENDANTS, individually or collectively.

21. At all times relevant to this Complaint, Defendant INC. was responsible for paying Plaintiff for work performed for DEFENDANTS.

22. At all times relevant to this Complaint, Defendant SEMBLER was responsible for paying Plaintiff for work performed for DEFENDANTS.

23. Defendant SEMBLER was responsible for setting Plaintiff's rate of pay.

24. Defendant INC. was responsible for setting Plaintiff's rate of pay.

25. DEFENDANTS, individually or collectively, obtained, exchanged, and sent/received funds to and from of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

26. Defendant SEMBLER is an employer and enterprise engaged in interstate commerce subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

27. Defendant INC. is an employer and enterprise engaged in interstate commerce subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

28. If neither Defendant had an individual annual income of at least $500,000.00, then DEFENDANTS, collectively, had an annual income of at least $500,000.00 during the period relevant to this Complaint.

29. Defendant INC. controlled the day to day operations of its business and was actively involved in the day to day operations of same, including

matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for products and services, and other business operations.

30. Defendant SEMBLER controlled the day to day operations of Defendant INC.'s business and was actively involved in the day to day operations of same, including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for products and services, and other business operations.

31. Defendant INC. supervised the operations of its business, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

32. Defendant SEMBLER supervised the operations of Defendant INC.'s business, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

33. At all times material herein, DEFENDANTS controlled Plaintiff's day to day activities, supervised, and/or had operational control over Plaintiff.

34. At all times material herein, DEFENDANTS, individually and/or collectively, were responsible for hiring Plaintiff, having the ability to

terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting Plaintiff's work schedule including the number of days and hours worked, determining and assigning Plaintiff's work duties, and supervising Plaintiff.

35. Plaintiff worked the number of hours required by DEFENDANTS.

36. DEFENDANTS knew how much money Plaintiff was paid during his employment with DEFENDANTS.

37. During Plaintiff's employment for Defendant INC., Defendant SEMBLER, as owner of Defendant INC., paid Plaintiff on behalf of Defendant INC. for the work that Plaintiff performed for DEFENDANTS.

38. DEFENDANTS, individually and collectively, were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. At all times material herein, DEFENDANTS, individually and collectively were joint employers of Plaintiff.

40. Plaintiff's pay records are in possession of DEFENDANTS.

41. DEFENDANTS failed to pay Plaintiff wages for all hours of work Plaintiff performed for DEFENDANTS.

42. DEFENDANTS were aware Plaintiff was not compensated for all hours of work Plaintiff performed for DEFENDANTS.

43. Plaintiff suffered harm as a result of DEFENDANT's failure compensate Plaintiff for all hours of work Plaintiff performed for DEFENDANTS in the form of unpaid wages.

44. Plaintiff had to retain the undersigned attorney in order to recover his unpaid wage damages and has incurred attorney's fees and costs as a direct result of DEFENDANTS' violation(s) of the FMWA.

45. To date, DEFENDANTS have not paid Plaintiff his due wages for all hours that he worked for DEFENDANTS.

46. Specifically, Plaintiff stopped working for DEFENDANTS in October 2018, and DEFENDANTS withheld his paycheck for his final two weeks of work. This resulted in Plaintiff not being compensated at the Florida minimum wage for each hour Plaintiff worked for DEFENDANTS, as required by the FMWA and FLSA.

47. In addition, Plaintiff worked over forty (40) hours during each of his final two weeks of work for DEFENDANTS.

48. DEFENDANTS suffered and permitted Plaintiff to work, but DEFENDANTS did not pay Plaintiff for all work that he performed for DEFENDANTS.

49. Plaintiff requested his unpaid back wages from DEFENDANTS, but DEFENDANTS failed and/or refused to pay same.

50. DEFENDANTS and Plaintiff agreed that Plaintiff would be compensated at a rate of $18.00 per hour worked for DEFENDANTS.

51. DEFENDANTS' actions in failing and/or refusing to compensate Plaintiff at the applicable Florida minimum wage was willful.

52. DEFENDANTS' actions in failing and/or refusing to compensate Plaintiff at the applicable Florida minimum wage was not in good faith.

53. The records concerning the hours worked by Plaintiff and the exact amount of money paid to Plaintiff are in the exclusive possession and sole custody and control of DEFENDANTS. Therefore, Plaintiff is unable to determine and state the exact amount of damages due at this time.

54. DEFENDANTS are liable to pay Plaintiff's reasonable attorney's fees and costs incurred in pursuing this action, pursuant to the FMWA and FLSA.

55. Plaintiff attempted to resolve this matter by sending a letter demanding Plaintiff's unpaid wages on or about December 20, 2018. On January 9, 2019, DEFENDANTS, through their human resources department employee, contacted Plaintiff's counsel and denied Plaintiff's entitlement to his unpaid wages. On January 14, 2019, Plaintiff sent a letter to DEFENDANTS, again requesting Plaintiff's unpaid wages.

DEFENDANTS did not respond to said letter. On March 8, 2019, Plaintiff again sent a letter to DEFENDANTS, again requesting Plaintiff's unpaid wages, and again DEFENDANTS did not respond to the letter. Accordingly, because DEFENDANTS refuse to engage in any constructive communication or negotiation to resolve Plaintiff's claims and have ignored Plaintiff's correspondences, Plaintiff has is left with no option but to turn to the Court to vindicate his rights. *See* Exhibit A, B, and C – Letters to Defendants.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLORIDA MINIMUM WAGE ACT ("FMWA"), FLA. STAT. § 448.110
**(Against all Defendants)**

56. Plaintiff re-alleges and incorporates Paragraphs one (1) through fifty-five (55) above as if fully set forth herein.

57. The FMWA and Florida Constitution mandate an employer pay its employees at least the minimum wage for each hour worked. In 2018, the Florida Minimum Wage was $8.25 per hour. FLA. STAT. § 448.110; Fla. Const., Art. X, § 24.

58. Plaintiff worked for DEFENDANTS but was not paid at least the Florida Minimum Wage for each and every hour worked as required by the

FMWA. Specifically, Plaintiff was not paid any wages for his last two weeks of work for DEFENDANTS.

59. DEFENDANTS failed and/or refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FMWA and Florida Constitution.

60. DEFENDANTS were aware suffered and permitted Plaintiff to work without proper compensation.

61. DEFENDANTS knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff, as alleged herein, was in violation of the FMWA.

62. As a result of DEFENDANT'S unlawful practice, Plaintiff has suffered damages in the form of unpaid wages.

63. The actions of the DEFENDANTS complained of herein were willful within the meaning of the FMWA.

64. On or about December 20, 2018, Plaintiff mailed DEFENDANT a letter of demand for his unpaid back wages to DEFENDANTS. **Ex. A (Letter of Demand)**.

65. On or about January 9, 2019, Defendant, through an agent and/or employee, contacted the undersigned's office. Defendant indicated that

its position was that it was not obliged to give my client his final paycheck for his last two weeks of work.

66. On or about January 14, 2019, Plaintiff sent a letter to Defendant memorializing the January 9, 2019 conversation and stated Plaintiff's position was that he was entitled to his final paycheck and requested Defendant pay same immediately. **Ex. B (Jan. 14, 2019 Letter)**.

67. On March 8, 2019, when Defendant did not respond to the January 14, 2019 letter requesting Plaintiff's unpaid wages, Plaintiff sent Defendant a final letter in an attempt to resolve this matter without bringing suit against Defendant. **Ex. C (Mar. 8, 2019 Letter)**. In said letter, Plaintiff requested his unpaid wages, plus attorney's fees and costs, and informed Defendant that Plaintiff would proceed to file suit against Defendant for unpaid wage damages if Plaintiff was not paid his unpaid wage damages. (Id.).

68. To date, Defendant has not responded to Plaintiff's letters dated January 14, 2019 and March 8, 2019, wherein Plaintiff requested payment for his unpaid wage damages. Ex. B; Ex. C.

69. Plaintiff has made a good faith effort to resolve this matter prior to bringing suit. *See* Ex. A; Ex. B; Ex. C.

70. All conditions precedent have been met, pursuant to Fla. Stat. § 448.110.

71. Because of DEFENDANT's actions, Plaintiff had to retain counsel to pursue this cause of action and has accrued attorney's fees and costs.

72. Plaintiff is entitled to recover his reasonable attorney's fees and costs connected with this suit, pursuant to the FMWA.

73. As a result of the unlawful acts of DEFENDANT, Plaintiff has been deprived of compensation in amounts to be determined at trial.

74. DEFENDANT's failure to compensate Plaintiff at the Florida minimum wage for all hours worked was not in good faith.

75. Plaintiff is entitled to recover his unpaid wages plus an equal amount of liquidated damages, pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for Plaintiff and against DEFENDANT on the basis of DEFENDANT's violations of the minimum wage provisions of the Florida Minimum Wage Act, Title XXXI, § 448.110;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff an equal amount in liquidated damages, pursuant to Flas. Stat. § 448.110;

D. Award Plaintiff reasonable attorney's fees and costs of suit, pursuant to Fla. Stat. § 448.08 and § 448.110; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II
## VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. 201, ET SEQ.
**(Against all Defendants)**

76. Plaintiff re-alleges and incorporates Paragraphs one (1) through fifty-five (55) above as if fully set forth herein.

77. During the previous three year period before this Complaint was filed, Plaintiff regularly worked, at DEFENDANTS' insistence, in excess of forty (40) hours per week.

78. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

79. Plaintiff was not exempt from receiving overtime compensation under the FLSA.

80. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a work-week.

81. DEFENDANTS employed Plaintiff in excess of forty (40) hours in at least one work week without paying Plaintiff at a rate of one and one half

(1 ½) times the regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated Plaintiff's rights under § 207 of the FLSA.

82. As a consequence of DEFENDANTS' violation of the FLSA, Plaintiff is entitled to one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) hours for each week employed by DEFENDANTS and for which Plaintiff was not paid one and one half times (1 ½) the regular rate.

83. Plaintiff's regular rate of pay was $16.00 per hour, and Plaintiff's overtime rate of pay was $24.00 per hour.

84. DEFENDANTS knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

85. DEFENDANTS failed and/or refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

86. DEFENDANTS knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff as alleged herein was in violation of the FLSA.

87. The actions of DEFENDANTS complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

88. The actions of DEFENDANTS complained of herein were not in good faith.

89. Because of DEFENDANTS' actions, Plaintiff had to retain counsel, and is entitled to recover attorney's fees and costs connected with this suit.

90. As a result of the unlawful acts of DEFENDANTS, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

F. Enter judgment for Plaintiff and against DEFENDANTS on the basis of DEFENDANTS' violations of the overtime provisions of the Fair Labor Standards Act, U.S.C. 29 § 207;

G. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime wages, pursuant to 29 U.S.C. § 216, in an amount to be determined at trial;

H. Award Plaintiff liquidated damages equal to Plaintiffs' unpaid wages, pursuant to 29 U.S.C. § 216;

I. Award Plaintiff reasonable attorney's fees and costs of suit, pursuant to 29 § 216(b);

J. Find DEFENDANTS jointly and severally liable to Plaintiff as joint employers; and

K. Grant such other and further relief as this Court deems equitable and just.

### COUNT III
### BREACH OF CONTRACT
### (Against all Defendants)

91. Plaintiffs re-allege paragraphs one (1) through ninety (90) above as if fully set forth herein.

92. Plaintiff and DEFENDANTS entered into a valid employment agreement on or about September 16, 2017, whereby DEFENDANTS agreed to compensate Plaintiff at a rate of $16.00 per hour for performing work as a truck driver.

93. Further, DEFENDANTS agreed to pay Plaintiff at a rate of one and one-half (1½) times his regular rage of pay for every hour he worked for DEFENDANTS over forty (40) hours in a work week. Plaintiff's overtime rate was $24.00 per hour.

94. Plaintiff performed the job duties in a satisfactory manner, and in accordance with the agreement with DEFENDANTS.

95. All conditions precedent, if any, has been met.

96. On one or more occasion, DEFENDANTS failed to pay Plaintiff compensation in accordance with their respective agreements.

97. On one or more occasions, DEFENDANTS failed to pay Plaintiff any compensation for hours Plaintiff worked for DEFENDANTS, even though DEFENDANTS agreed to pay Plaintiff at a rate of $16.00 per regular working hour.

98. On one or more occasion, Plaintiff worked more than forty (40) hours in a work week for DEFENDANTS, yet DEFENDANTS failed to compensate Plaintiff at a rate of $24.00 per overtime hour.

99. DEFENDANTS' failure to pay Plaintiff in accordance with their respective agreements constitutes a material breach of the agreements, respectively.

100. DEFENDANTS' material breach of the agreements has and continues to cause harm to Plaintiff in the form of lost wages.

101. As a result of the unlawful acts of DEFENDANTS, Plaintiff has been deprived of compensation in amounts to be determined at trial and are entitled to recovery of such amounts, attorney's fees, costs, and other compensation pursuant to Florida law. Fla. Stat. § 448.08 (2018).

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for Plaintiff and against DEFENDANTS on the basis of DEFENDANTS' violations breached their agreement with Plaintiff by failing to pay Plaintiff his due wages pursuant to his contractual agreement with DEFENDANTS;

B. Award Plaintiff actual and compensatory damages in an amount to be determined at trial;

C. Award Plaintiff reasonable attorney's fees and costs of suit, pursuant to Fla. Stat. § 448.08;

D. Find DEFENDANTS jointly and severally liable to Plaintiff as joint employers; and

E. Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated this 12th day of June, 2019.

                                                   Respectfully submitted,

                                                 */s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
Law Offices of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL 32503
(850) 437-9600 / (850) 437-0906 (fax)
jj@talbottlawfirm.com;
civilfilings@talbottlawfirm.com
*Attorney for Plaintiff*